IN RE MONTALVO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Proceeding for Contempt of Court.
Motion to dismiss the appeal.

No. ——.—Decided July 7, 1915.

DISMISSAL OF APPEAL—CIVIL CONTEMPT—CRIMINAL CONTEMPT—NOTICE OF APPEAL—ADVERSE PARTY.—The appellant was adjudged in contempt by the District Court of Aguadilla for failing to comply with the requirements of a writ of injunction issued in a proceeding prosecuted by Joaquín Oronoz Rodón in the said court in which the appellant was defendant. Joaquín Oronoz moved for dismissal of the appeal on the ground that he was not served with notice of the appeal. *Held:* That as the judgment appealed from was plainly punitive in its self-evident character, even assuming that the proceedings culminating therein were of an equitable nature for civil

contempt, the appellant was justified in adopting the procedure for criminal appeals and in serving notice upon the *fiscal* as "attorney for the adverse party," instead of upon the plaintiff in the injunction proceedings.

The facts are stated in the opinion.

*Mr. Carlos Franco Soto* for Joaquín Oronoz.

*Mr. Victor P. Martínez* for the accused.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

On February 13, 1914, the District Court of Aguadilla rendered the following judgment:

"After having heard the complaint, the answer, the documentary and oral evidence introduced at the trial and the arguments of counsel for the parties, the court declared the case submitted for final judgment which was reserved for a future day; and now on this day, after having carefully considered the case, the court holds as follows: That the facts and the law are in favor of the complainant, Joaquín Oronoz Rodón, but only as against defendant Susano Montalvo and therefore that defendant Víctor P. Martínez is free from all responsibility in the matter for which he was sued. Therefore, it is ordered that a writ of injunction issue addressed to the marshal of the district to the effect that the possession of the rural property described in the complaint under the points and boundaries stated therein be restored to said complainant, Joaquín Oronoz Rodón, that defendant Susano Montalvo be enjoined from the further commission of the acts performed by him, *i. e.,* having intimidated the complainant with a cane-knife in his hand, evicting him from the aforesaid property and saying to him that if he had any rights he should assert them against Víctor P. Martínez, or other acts to the same purpose, under caution of contempt proceedings for disobedience of this order. The costs, disbursements and attorney's fees are imposed upon defendant Susano Montalvo. Let this judgment be entered in the judgment-book of this court. Done in open court this thirteenth of February, nineteen fourteen."

And on May 15th of the same year another judgment was pronounced, under the same style and title, as follows:

"On this fifteenth day of May, 1914, after having heard the accusation of contempt of this court, the pleas thereto of the accused, Víctor P. Martínez and Susano Montalvo, the affidavits and counteraffidavits filed by the parties, the testimony of the witnesses for the

accuser, Joaquín Oronoz Rodón, and the arguments of counsel for both parties, the court finds the accused Susano Montalvo guilty of contempt of this court for failure to comply with the requirements of the writ of injunction issued to the district marshal on the 20th of April, 1914, in the civil action No. 1676 prosecuted in this court by Joaquín Oronoz Rodón against Víctor P. Martínez y González for the recovery of the possession of a real property, the said contempt of court having been committed as follows: When the deputy marshal of this court, Juan B. Angulo, on the 22d and 24th of April of this year, undertook to execute the aforesaid judgment and the writ of injunction enjoining defendant Susano Montalvo from further committing the act of intimidating complainant Joaquín Oronoz with a cane-knife in his hand and saying to said defendant that if he had any rights he should assert them against Víctor P. Martínez, or other acts to the same purpose, although said defendant Susano Montalvo did not oppose the reinstatement by the marshal of plaintiff Oronoz in the actual possession of the *16 acres of land,* nevertheless the said defendant did object to and oppose the delivery of actual possession to plaintiff Oronoz by the marshal of two houses situated on the said lot of land by refusing to vacate the said houses under the pretext that one of them, a frame house roofed with zinc, was the property of Víctor P. Martínez and was occupied by the family of Zenón Morales, and that the other frame house with a thatched roof had been built by him (the defendant) and that he was then living in it with his family; that he had constructed a drying-yard in connection with it and made various other improvements to the same.

"Therefore, the said Susano Montalvo is sentenced to pay to The People of Porto Rico the sum of ninety dollars and in default of such payment for lack of means, to imprisonment in the district jail one day for each three dollars of the aforesaid fine that he may fail to pay, together with the costs of these proceedings; *Provided,* That the imprisonment in this case shall not exceed thirty days. Let this judgment be entered in the journal of the court and the proper writ or order be issued to the district marshal in accordance with law. As to the other accused, Víctor P. Martínez y González, he is acquitted of the charge of contempt of this court which was made against him for the reason that this court has no jurisdiction over the person of the said accused and his guilt has not been shown to the satisfaction of this court."

On the day following, notice of appeal was served upon the *fiscal* and filed.

On June 29, 1914, plaintiff in the injunction suit moved this court to dismiss the appeal upon the ground that appellant had neither filed his transcript in this court nor presented to the district judge for approval any statement of the case or bill of exceptions. This court refused to entertain the motion upon the ground that plaintiff below was not a party to the contempt proceedings which resulted in the judgment appealed from.

On July 13, 1914, the said plaintiff moved for a reconsideration of the ruling last aforesaid, and this motion was denied upon July 31 for the reasons set forth in the opinion filed the same day, 21 P. R. R., 331.

On March 4, 1915, plaintiff in the injunction suit again moved to dismiss the appeal, setting up in addition to the grounds stated in his previous motion that no notice of appeal had ever been served upon him or his attorney and exhibiting certified copies of the two judgments *supra* in order to show the alleged civil character of the contempt proceedings.

The only question raised is whether the present appeal is to be governed by rules of civil or of criminal procedure and that question hinges of course solely upon the character of the judgment appealed from. The general principles by which we should be guided in this regard have perhaps never been more clearly stated than by Judge Vanfleet in *Hammond Lumber Co.* v. *Sailor's Union of the Pacific*, 167 Fed., 809, and Mr. Justice Lamar in *Gompers* v. *Bucks Stove and Range Co.*, 221 U. S., 418. See also note to *Rothschild & Co.* v. *Steger & Sons Piano Mfg. Co.*, 42 L. R. A. (N. S. ), 793, and previous notes therein cited.

The judgment appealed from is plainly punitive in its self-evident character and purpose and, even assuming that the proceeding culminating therein may have been of an equitable nature for civil contempt and that such judgment may have been rendered in response to a prayer for remedial

relief,—facts compatible with the style and title of the two exhibits above set forth, but neither alleged nor proven,—yet after conviction of criminal contempt and pronouncement of sentence, appellant was justified in adopting the procedure for criminal appeals and in serving notice upon the *fiscal* as ''Attorney of the adverse party'' rather than upon the plaintiff in the injunction proceedings.

It follows that such plaintiff cannot now be heard to complain that he was not served with notice of appeal, nor otherwise herein, upon the very meagre showing thus far made.

The motion as presented cannot be entertained.

*Motion overruled.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.